UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORTELL D. LOCKETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-297-JD-SLC |
| DEL GARCIA, et al., | |
| Defendants. | |

OPINION AND ORDER

Cortell D. Lockett, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 10.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Lockett is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Lockett is a pretrial detainee at the Grant County Jail. His amended complaint is somewhat difficult to follow in places, but it can be discerned that on May

15, 2024, he was told he would be moving cells by Deputies Jackson and Gerhart (first names unknown). They escorted him to a new cell, but when they arrived he told them he could not go in that cell because he was supposed to be separated from inmate Jaleel Smith, who was already living in the cell. He claims to have had a disagreement with Mr. Smith dating back to 2018, which was allegedly documented at the jail. The deputies nevertheless told him he had to go in the cell. He did so but spent the whole night awake because he was "scared to sleep for fear of being assaulted." The next morning, he was able to call his mother and told her he was in danger. She called the jail and spoke with a non-party officer, who told her no moves would be made. As soon as Mr. Lockett returned to his cell after making the phone call, he was allegedly attacked and injured by Mr. Smith.

He was subsequently moved to another cellblock. When he arrived at his new cell, he noticed that the toilet was broken and was "filled to the top with feces." He claims Deputy Cook (first name unknown) came by a short time later delivering food and saw the condition of the toilet, but did nothing to help him. Approximately six hours later, Deputies Riley and Hayes (first names unknown) arrived to try to get the toilet working. He claims that in fixing the toilet they got "blotches of feces" on his mattress, clothing, and other personal items.

Based on these events, he sues Grant County Sheriff Del Garcia, Deputy Jackson, Deputy Gerhart, Deputy Cook, Deputy Riley, Deputy Hayes, and Sergeant McMullin (first name unknown), seeking monetary damages and other relief.

"Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation and internal quotation marks omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). This encompasses a right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). As outlined by the Seventh Circuit:

> [T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element "requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (citation and internal quotation marks omitted). "Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* In determining whether an action was reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted).

Giving him the inferences to which he is entitled at this stage, Mr. Lockett plausibly alleges a Fourteenth Amendment claim against Deputies Jackson and Gerhart.

3

He claims that he notified them of a specific risk to his safety posed by Mr. Smith, but they allegedly brushed off his concerns and made him stay in a cell with this inmate. The following day he was attacked by this inmate. He further claims there was documentation showing he was supposed to be separated from Mr. Smith, but they allegedly failed to check it or take other steps to avert the danger even after he alerted them to it. He will be permitted to proceed further against Deputies Jackson and Gerhart.

His claims against Deputy Cook, Deputy Riley, and Deputy Hayes relate to a problem with the toilet in his new cell and alleged damage caused to some of his personal property. The court does not find the claims against these officers sufficiently related to his failure-to-protect claim against Deputy Jackson and Gerhart to proceed in the same lawsuit, as they involve different parties and different underlying facts. Unrelated claims against different defendants belong in different lawsuits, even in cases filed by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.* District courts must be "alert" to this issue so that prisoners do not avoid the provisions of the Prison Litigation Reform Act, including the filing fee and three-strike provisions, by combining unrelated claims together in one lawsuit. *Owens v. Godinez*,

4

860 F.3d 434, 436 (7th Cir. 2017); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021). Therefore, his unrelated claims against these deputies will be dismissed without prejudice.[1] If he wishes to pursue them, he must do so in a new lawsuit.

That leaves Sheriff Garcia and Sergeant McMullin. Neither of these individuals are mentioned in the narrative section of the amended complaint, and instead it appears he is trying to hold them liable because of their positions. There is no general respondeat superior liability under 42 U.S.C. §1983, however, and these individuals cannot be held liable for damages simply because they oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He has not plausibly alleged that they were personally involved in the violation of his constitutional rights. The Sheriff could conceivably be sued in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but Mr. Lockett does not allege the existence of an official custom or policy that caused him injury; rather, he describes "isolated wrongdoing" by

---

[1] The court's preference is normally to allow a plaintiff an opportunity to replead to choose which related claims he wants to pursue. Here, however, Mr. Lockett already amended his complaint once due to problems with his original complaint. To avoid further delays in screening, his unrelated claims will be dismissed without prejudice.

5

a few employees, which cannot support a *Monell* claim. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Therefore, these defendants will be dismissed.[2]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Deputy Jackson and Deputy Gerhart (first names unknown) in their personal capacity for money damages for failing to protect him from being harmed by another inmate in May 2024 in violation of the Fourteenth Amendment when they forced him into a cell even though he told them he was not supposed to be housed with that inmate;

(2) DISMISSES without prejudice any claim against Deputy Cook, Deputy Riley, and Deputy Hayes arising from a problem with the toilet in his cell and damage to his personal property as unrelated;

(3) DISMISSES all other claims;

(4) DISMISSES Del Garcia and Sergeant McMullin as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Jackson and Deputy Gerhart (first names unknown) at the Grant County Jail and to send them a copy of this order and the amended complaint (ECF 10) pursuant to 28 U.S.C. § 1915(d);

---

[2] The attachments to the amended complaint describe other problems at the jail, including the ability to access grievance forms and a lack of privacy when using the bathroom, but it is not clear if he intended to sue about these issues. (ECF 10-1.) He has not provided enough information for the court to infer that he has a plausible constitutional claim related to these issues, nor is it clear that these issues involve the same defendants or are sufficiently related to his failure-to-protect claim to proceed in the same lawsuit. *George*, 507 F.3d at 607. If the court has misunderstood him, he may file an amended complaint.

6

(6) ORDERS the Grant County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Deputy Jackson and Deputy Gerhart to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 29, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT