**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

**CORTELL D. LOCKETT,**

            **Plaintiff,**

            **v.**                                        **Cause No. 1:24-cv-00297-ALT**

**DEPUTY GERHART and DEPUTY**
**JACKSON,**

            **Defendants.**

**OPINION AND ORDER**

Cortell D. Lockett, a prisoner without a lawyer, is proceeding in this case against Deputy

Steven Jackson and Deputy Jonathan Gearhart "in their personal capacity for money damages for

failing to protect him from being harmed by another inmate in May 2024 in violation of the

Fourteenth Amendment when they forced him into a cell even though he told them he was not

supposed to be housed with that inmate[.]" (ECF 16 at 6). Specifically, Lockett alleged in his

complaint that the defendants placed him into a cell with an inmate named Jaleel Smith even

though he was supposed to be kept separate from Smith due a prior disagreement, and Smith

attacked him in the cell the next day. (*Id.* at 2). On August 22, 2025, the defendants filed a

motion for summary judgment arguing they did not violate Lockett's Fourteenth Amendment

rights. (ECF 78). With the motion, the defendants provided Lockett the notice required by N.D.

Ind. L.R. 56-1(a)(4). (ECF 81). Attached to the notice was a copy of Federal Rule of Civil

Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must,

within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a

response to statement of material facts, which includes a citation to evidence supporting each

dispute of fact. On October 14, 2025, the Court extended Lockett's deadline to respond to

November 28, 2025. (ECF 85). This extended deadline passed over a month ago, but Lockett still

has not responded to the defendants' summary judgment motion. Therefore, the Court will now

rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure

56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable

[factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must

construe all facts in the light most favorable to the non-moving party and draw all reasonable

inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a

party opposing a properly supported summary judgment motion may not rely merely on

allegations or denials in its own pleading, but rather must "marshal and present the court with the

evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651,

654 (7th Cir. 2010).

"Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons."

*Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation and internal quotation marks

omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial

detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850

F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). This includes a

right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton

County*, 27 F.4th 491, 494 (7th Cir. 2022). To establish a viable failure-to-protect claim under the

Fourteenth Amendment, a pretrial detainee must provide evidence that:

2

(1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element requires evidence "that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (citation and internal quotation marks omitted). Put another way, the detainee must prove "that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* In determining whether an action was reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted).

The defendants provide evidence showing the following facts:[1] Lockett, who was thirty years' old at the time of his deposition, has been incarcerated at the Grant County Jail numerous times since he was a teenager. (ECF 77 at 9). In May 2024, Lockett and Smith both were incarcerated at the Grant County Jail. (ECF 78-3 at 2). Lockett and Smith have known each other for approximately fifteen years and have been incarcerated at the Grant County Jail at the same time on more than one occasion. (ECF 77 at 17). Lockett and Smith once fought when they were teenagers and Lockett beat Smith up, but they then agreed it was "over with." (*Id.* at 17-19). Lockett "wasn't scared to defend [himself]" against Smith. (*Id.* at 20). After this fight, Smith told jail officials he did not want to be housed with Lockett and was placed on Lockett's "no mix"

---

[1] Because Lockett has not responded to the defendants' summary judgment motion, the Court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

list, meaning they were not supposed to be housed in the same cell together. (*Id.* at 18). A "no mix" list for an inmate carries over from one jail stint to another. (ECF 78-3 at 2).

On May 15, 2024, Lockett was housed in cell number 6 of Cellblock 4A. (ECF 77 at 12). Deputy Gearhart was passing out medication to the inmates in Cellblock 4A when Lockett told Deputy Gearhart he didn't want to be in a cell with his cellmate "Samurai" because they weren't compatible. (*Id.* at 12-13, 21-23). Deputy Gearhart and Deputy Jackson then moved Lockett to the next cell over, cell number 7, which housed Smith, an inmate named Harold Ballard, and Lockett's cousin Kenneth Wood. (*Id.* at 12, 16-17). Video footage shows Smith helping Lockett move a bag of items into cell number 7. (ECF 78-3 at 2; ECF 78-6). Lockett discussed with Smith that they could file a lawsuit against the jail and told Smith he "know[s] a little bit about the legal system and we're not supposed to be in the cell together" because of their fight from when they were teenagers. (*Id.* at 18-19).

The next morning, on May 16, 2024, Lockett, Smith, and Ballard were out for several hours cleaning their cell. (ECF 78-3 at 3). Lockett and Smith can be seen in the security camera video talking, laughing, and doing a handshake. (*Id.*). Later that day, Lockett called his mother and asked her, "If I can get into a fight with a motherfucker and my lip gets busted, it's a lawsuit, right?" (*Id.*; ECF 78-9). Lockett then tells his mother, "I'm about to beat this dude's ass," and instructs his mother to "call they asses" and to "tell them my lip's busted." (*Id.*). Lockett called his mother again and instructed her to report to the jail that they are "fighting mad" and "bleeding." (ECF 78-3 at 3; ECF 78-10). He also provides his mother with Smith's mother's phone number and asks her to call Smith's mother and let her know what is going on with the situation. (*Id.*).

4

That afternoon, the jail received a call from Lockett's mother. (ECF 78-3 at 3). At 3:14

p.m., Corporal McMullen advised Officer Walton to check Lockett's cell and ask him about his

alleged injuries. (ECF 78-3 at 3; ECF 78-12). When Officer Walton arrived in cellblock 4A, he

observed Lockett and Smith fighting in their cell and separated the two inmates. (*Id*.). Lockett

can then be seen in security camera footage walking out of the cell, coming up behind Ballard

who was out of the cell, and punching him in the head. (*Id.*; ECF 78-11). An Incident Report

indicated Smith was the suspected victim of battery or attempted battery by Lockett. (ECF 78-

12). After the incident, the jail took photographs of both Lockett and Smith to document any

potential injuries. (ECF 78-13).

Here, as discussed above, Lockett can only survive summary judgment by providing

evidence showing the defendants' conduct of placing him into cell number 7 with Smith (1) "put

him at substantial risk of serious harm" and (2) caused his injuries. *See Thomas*, 39 F.4th at 841.

Even accepting as true that the defendants should not have put Lockett and Smith into the same

cell, Lockett provides no evidence establishing either of these elements. Rather, the undisputed

evidence shows Smith and Lockett seemed to be getting along when they were placed in the

same cell and Lockett devised a plan to initiate a fight with Smith so he could file a lawsuit

against the defendants. Specifically, it is undisputed that (1) Lockett was seen on camera talking,

laughing, and doing a handshake with Smith, (2) Lockett was recorded on the telephone

discussing his plan to initiate a fight with Smith so he could file a lawsuit against the defendants,

and (3) the Incident Report indicated Smith was the victim of an attempted battery by Lockett.

Accordingly, because the undisputed evidence shows Lockett initiated the fight with Smith so he

could file a lawsuit against the defendants, no reasonable jury could conclude the defendants'

conduct of placing Lockett into a cell with Smith posed a "substantial risk of serious harm" to

Lockett and or that the defendants' conduct caused Lockett's injuries. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the Court:

(1) GRANTS the defendants' motion for summary judgment (ECF 78); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Cortell D. Lockett and to close this case.

SO ORDERED.

Entered this 13th day of January 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

6